DAVID B. KIRK, Respondent, v. LEHIGH VALLEY TRANSPORTATION COMPANY et al., Appellants.

**Kansas City Court of Appeals, January 11, 1909.**

COMMON CARRIERS: Joint Action: Separate Torts: Bailee. Plaintiff contracted with L carrier who owned no railroad, to carry certain flour East, and delivered the same to carrier A to transport without charge from its mill to carrier C's railroad tracks. This A did. Later plaintiff ordered L to return the flour and carrier C then delivered it to carrier A to return to the mill. Plaintiff brought an action against L and A for damage to the flour. *Held*, there was no joint liability and that the parties were separate tort feasors, if anything, and that A on reciving the flour from carrier C in obedience to the order to return same, was not a common carrier but a mere bailee and there was no relation between it and carriers C and L.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield*, Judge.

REVERSED AND REMANDED (*with directions*).

*Brown, Harding & Brown,* representing the Lehigh Valley Transportation Company, and *Thos. R. Morrow, Cyrus Crane* and *Samuel W. Sawyer* for defendant The Atchison, Topeka & Santa Fe Railway Co., appellants.

(1) The demurrer to the evidence was properly sustained for the reason that the plaintiff utterly failed to prove any joint liability on the part of the defendant. Hutchinson on Carriers (3 Ed.), secs. 231, 249, 264, 309; 15 Encyc. Pl. and Pr., 547; Heikamp v. La M'otte, 59 Mo. App. 249; Meyer v. Railway, 120 Mo. App. 288; Steamboat Lynx v. King, 12 Mo. 272; Davis v. Railroad, 89 Mo. 340; Gillespie v. Railroad, 6 Mo. App. 554; Moffatt, etc., Co. v. Railroad, 113 Mo. App. 544; Elam v. Railroad, 93 S. W. 851; Railroad v. Reeves, 10 Wall.

176.   (2)   The plaintiff has failed to prove that any damage occurred while the flour was in the possession of the Atchison, Topeka and Santa Fe Railway Company.   8 Am. & Eng. Encyc. of Law (2 Ed.), 614; Peck v. Railroad, 31 Mo. App. 123; Smillie v. Dollar Store, 47 Mo. App. 402; Smart v. Kansas City, 91 Mo. App. 586; Glick v. Kansas City, 57 Mo. App. 97; Gerrans v. Wenger, 51 Mo. App. 615; Stokes v. Burns, 132 Mo. 214; Wagner v. Railroad, 178 Mo. 134; Hamilton v. Railroad, 123 Mo. App. 619; Freeman v. Railroad, 118 Mo. App. 526; Railway v. Langton, 32 Mich. 251.   (3) The plaintiff has failed to prove that the delay was negligent.   6 Cyc. 444; Ecton v. Railroad, 125 Mo. App. 223; Railway v. Brichette, 72 Miss. 491.   (4)   Plaintiff abandons the petition and attempts to recover on account of negligence of the Santa Fe.   He failed to establish that the Santa Fe was agent of the Lehigh Valley, but on the contrary proved conclusively that the Santa Fe was his own agent, and then fails to prove that it was guilty of any negligence.

*Rosenberger & Reed* for respondent.

(1)   There is no failure of proof by reason of pleading a point and proving a several cause of action. Wernick v. Railroad, — Mo. App. —, 109 S. W. 1027; Lupe v. Railroad, 3 Mo. App. 77; Heil v. Railroad, 16 Mo. App. 363.   (2)   It is well-established law that the carrier which negotiates for the business and undertakes the through transportation is primarily liable to the shipper, and that all other roads, which through it, come in contact with the goods at any stage, are liable as its agents and not otherwise.   Cohen v. Railroad, 126 Mo. App. 250; Davis v. Railroad, 126 Mo. 69; Eckles v. Railroad, 112 Mo. App. 240; Eckles v. Railroad, 72 Mo. App. 296; Lesinsky v. Western Dispatch, 10 Mo. App. 134; Clothing Co. v. Merchants Dispatch, 106 Mo. App. 487; Hendricks v. Railroad, 107 Mo. App.

127. (3) It is entirely competent to join in an action of tort the agent who actually committed the tort and the principal who is responsible for the agent. Ess v. Griffith, 128 Mo. 50; Mohr v. Langan, 162 Mo. 501; Davis v. Railroad, 89 Mo. 340; Lightfoot v. Railroad, 126 Mo. App. 532; Bird v. Cromwell, 1 Mo. 81; Choteau v. Leach, 18 Pa. St. 224; Pearce v. Newton, 41 Fed. 106. (4) The point is urged that there is a misjoinder because the Lehigh Valley and Santa Fe are charged for successive torts, but this is not true. The Lehigh Valley is necessarily liable for everything for which the Santa Fe is bound, perhaps a trifle more, but the Santa Fe is liable for nothing for which the Lehigh Valley is not also bound to answer. However that may be, this is not a failure of proof or even a variance, but if there ever was any merit whatever to this contention, it is at most a misjoinder, which has been waived by answering. Heikamp v. LaMotte, 59 Mo. App. 252; Taber v. Wilson, 34 Mo. App. 89; Boland v. Ross, 120 Mo. 208; House v. Lowell, 45 Mo. 381; Pickering v. Telegraph Co., 47 Mo. 487; Thompson v. School District, 71 Mo. 495; Union Bank v. Dillon, 75 Mo. 380; R. S. 1899, sec. 5222, as amended by the laws of 1905, page 53; State v. Johnson, 81 Mo. 60; Schuster v. Weiss, 114 Mo. 158; O'Bryan v. Allen, 108 Mo. 227; State v. Kyle, 166 Mo. 287; State v. Parks, 165 Mo. 496; State v. Tatlow, 136 Mo. 678; State v. Thompson, 141 Mo. 408.

BROADDUS, P. J.—On May 29, 1903, the plaintiff entered into a contract with defendant Lehigh Valley Transportation Company to transport four hundred sacks of flour from Kansas City to the city of New York and paid to it the freight charges therefor, which company issued to plaintiff a through bill of lading acknowledging receipt of the goods. The fact was, however, the said company having no line of railroad at Kansas City, the flour was delivered to the defendant Atchison, Topeka & Santa Fe Railway Co. to deliver

over its switches at Kansas City to the Chicago & Alton Railroad Co. to be carried by it to the city of Chicago. The Atchison, Topeka & Santa Fe Company transferred the car containing the flour to the tracks of the Chicago & Alton. On May 31, 1903, while the cars were on the tracks of the latter company, an unprecedented flood caused the Missouri and Kansas rivers, which come together at Kansas City, to overflow their banks and inundate the tracks of the different railroads in that locality, and the waters of which entered the car in question and wet plaintiff's flour.

On June 10th, plaintiff, having learned of the location and condition of his flour, notified the Chicago & Alton Company to return it to him forthwith in order that he might recondition it and thus prevent further damage. On June 14th, the Chicago & Alton Company delivered the flour to the Atchison, Topeka & Santa Fe Company, where it remained on its tracks until July 11th. The plaintiff's warehouse is connected with the tracks of the latter company and the car containing the flour was placed upon them less than half a mile from said warehouse. For this service, plaintiff paid nothing. Just how much the flour had been damaged by the original wetting it received or how much it sustained while on the tracks of the Atchison, Topeka & Santa Fe was uncertain. However, the evidence showed that it suffered material damage by being exposed to the air and sunshine from the 14th day of June until the 11th day of July.

The case was tried before a jury. At the close of plaintiff's evidence, each defendant interposed a separate demurrer which the court sustained, whereupon plaintiff took nonsuit with leave to move to set it aside. Plaintiff's motion to set aside the nonsuit was sustained and the defendants appealed.

The defendants are sued as joint common carriers. The primary and controlling question is, are they such. If they are, the plaintiff was entitled to recover, other-

wise not. At first, the flour was given in charge of the Atchison, Topeka & Santa Fe Company to deliver over its switches to the Chicago & Alton Company for transportation to Chicago under a contract it had with the Chicago & Alton Company; and it is immaterial whether or not the Atchison, Topeka & Santa Fe Company may have by its undertaking assumed the duties of a connecting carrier, it having fully complied with them when it made the delivery to the Chicago & Alton on its own tracks and no complaint being made of any occurrence at that time. It was then no longer the agent of either of the two companies. It owed them no further duty as connecting carrier or otherwise. But, as it did assume another duty when it again agreed to receive and return the flour to plaintiff at his warehouse, it is necessary to determine what that duty was in relation to the plaintiff and to defendant Lehigh Valley Transportation Company.

If it is to be treated in the transaction as a common carrier, then it had no connection with the other defendants as such and was alone responsible for its negligence. When plaintiff ordered the goods returned to his warehouse, the contract of shipment made with the Lehigh Valley Transportation Company terminated and no further duty rested upon it but to return the freight charges paid in advance. It is held in a similar case that such an undertaking is not that of a carrier, but that of a bailee. [Kingman St. Louis Implement Co. v. Railway, 133 Mo. App. 317, 112 S. W. 721.]

If the contract of shipment made with the Lehigh Valley Transportation Company had terminated, of which there can be no denial, it could have no connection whatever with the alleged negligence of the Atchison, Topeka & Santa Fe Company. They could be in no sense joint tortfeasors, nor connecting carriers. And in no event would the plaintiff be entitled to recover against the former.

The Atchison, Topeka & Santa Fe Company was not acting in the capacity of a carrier. It was merely a bailee without hire. The original contract of carriage with the Lehigh Valley Transportation Co. having been terminated by the act of plaintiff in ordering the return of the flour to its warehouse, the Atchison, Topeka & Santa Fe Company, if it had been a connecting carrier in the first place, was thereby released from any obligation as such for any act after occurring. Having voluntarily received the flour, not for transportation, but to be returned to plaintiff's warehouse connected with its own tracks for the purpose of being reconditioned, it was not acting in the capacity of a common carrier. The plaintiff, having failed to prove a case against defendants, or either of them, as such carriers, is not entitled to recover. [Kingman St. Louis Implement Co. v. Railway, supra.]

The duty of the defendant to the plaintiff as a bailee without hire is not involved in this case and therefore will not be discussed. The argument of plaintiff's counsel is based upon the theory that defendants were liable as carriers and, such being the case, it is not necessary that we call particular attention to it.

Cause reversed with directions to vacate the order setting aside the nonsuit and to restore the original judgment. All concur.